IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA DUNN,

      Plaintiff,

                               CASE NO.

v.

FSC FRANCHISE CO., LLC,
a Foreign Limited Liability Company

      Defendant,

_____/

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL

Plaintiff, JOSHUA DUNN, files this action against the Defendant, FSC FRANCHISE Co., LLC and states as follows:

1)    This is an action exceeding $50,000.00 in damages, exclusive of interest, costs, and attorneys' fees. All acts that give rise to this action occurred in Hillsborough County.

2)    The Plaintiff, Joshua Dunn, is a resident of Sebring, Highlands County, Florida and is a former employee of the Defendant, FSC Franchise Co., LLC, employed as a district manager, and in other positions by the Defendant and is 40 years old.

3)    The Defendant FSC Franchise Co., LLC is a Foreign Limited Liability Company, doing business in Tampa, Hillsborough County, Florida.    The Defendant employs more than 15 persons.

4)    This Court has jurisdiction over the parties and the subject matter herein and that venue is proper in the United States District Court for the Middle District of Florida, Tampa Division.

5)    The Defendant FSC Franchise Co., LLC is a company that focuses on multi-brand restaurant development that employs numerous individuals in numerous counties including Hillsborough County, Florida.

6)    The Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations on August 5, 2024, which was dismissed on May 18, 2026. A Copy of the charge and notice of dismissal are attached as Exhibit A and B. The Plaintiff has met all conditions precedent to bringing this action.

7)  On February 16, 2022, the Plaintiff was employed by the Defendant as a general manager of one store when the Plaintiff dropped a beer keg on his toe, breaking the toe.  As a result, the plaintiff developed a bone infection which led to his leg being amputated on July 5, 2022.  The defendant held his position while he was out but without pay.  The Plaintiff went back to work for them and was even promoted.

8)     The plaintiff, Joshua Dunn was employed at FSC Franchise Co., LLC as a district manager on June 10, 2024.

9)    The Plaintiff was promoted to a district manager in charge of six stores insuring everything was running according to standards, a job he had been performing  with one leg. He was able to perform all of the essential functions of the job and remains able to do so. During his employment he was mocked and ridiculed by the Defendant concerning his amputated leg.

10)   The Defendant subsequently told the Plaintiff that they did not feel he could do the job anymore because he only had one leg.  No effort was made to provide any accommodation. Plaintiff was then wrongfully terminated on Monday, June 10, 2024.

11)  The Defendant terminated the Plaintiff shortly after the two-year statute of limitations for filing a workers' compensation claim ran. He injured himself on February 16, 2022, when a keg fell on his toe. The resulting infection caused him to lose his leg in July of 2022. His employer coerced him into not filing a workers compensation claim by telling him that if he did not file such a claim, he could keep his job. After the statute ran, they terminated him.

### COUNT I

### **FLORIDA CIVIL RIGHTS ACT**

12)     Paragraphs 1-11 are re-alleged and incorporated herein.

13)    Joshua Dunn has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about August 5, 2024, alleging discrimination based on disability. (A copy of the complaint is attached as (Exhibit A).  On May 18, 2026, he was provided a dismissal and notice of rights by the Equal Employment Opportunity Commission, a copy of which is attached as (Exhibit B).

14) The acts of the Defendant are malicious, and have caused the Plaintiff to suffer financial and emotional damages. These acts are violative of the Florida Civil Rights Act.

15)    Plaintiff seeks injunctive relief, back pay and other damages including punitive damages under the Florida Statute Section 760.11.

WHEREFORE, the Plaintiff, Joshua Dunn, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

4

(C) Enjoining the Defendant from discriminating in the future based on the Plaintiff's disabilities.

(D) Requiring that the Plaintiff be reinstated to his position with Defendant;

(E) Awarding the Plaintiff punitive damages to punish and deter Defendant from committing outrageous acts of discrimination in the future.

COUNT II-AMERICANS WITH DISABILITIES ACT of 1990

16) Paragraphs 1-11 are re-alleged and incorporated herein.

17) Joshua Dunn has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about August 5, 2024, alleging discrimination on the basis of disability. (A copy of the complaint is attached as (Exhibit A).  On May 18, 2026, he was provided a dismissal and notice of rights by the Equal Employment Opportunity Commission, a copy of which is attached as (Exhibit B).

18) The Acts of the Defendants are malicious, and have caused the Plaintiff to suffer financial and emotional damages. These acts are violative of the Americans with Disabilities Act.

WHEREFORE, the Plaintiff, Joshua Dunn, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law,

including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future based on the Plaintiff's disabilities.

(D) Requiring that the Plaintiff be reinstated to his position with Defendant;

(E) Awarding the Plaintiff punitive damages to punish and deter Defendant from committing outrageous acts of discrimination in the future.

COUNT III-FLORIDA'S WORKERS COMPENSATION ACT-RETALIATION

19)   Paragraphs 1-11 are re-alleged and incorporated herein.

20)   When the Plaintiff attempted to make a workers compensation claim, promises and coercion were used by the Defendant to prevent the Plaintiff from pursuing a workers compensation claim. The Defendant maliciously waited until the statute of limitations for bringing the claim expired and then terminated him. This termination was directly related to the Plaintiff's workers' compensation injury and due to his efforts to make and pursue a claim.

21) The acts of the Defendant have caused the Plaintiff emotional and financial harm.

22) The actions of the Defendant violate Florida Statute Section 440.205 in that they are retaliatory due to Plaintiff's efforts to obtain compensation due to his work injury.

A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's disabilities.

(D) Requiring that the Plaintiff be reinstated to his position with Defendant;

(E) Awarding the Plaintiff punitive damages to punish and deter Defendant from committing outrageous acts of discrimination in the future.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.


\_August 10, 2026_____          \_/s/Nora Leto_____
Date:                                              Nora Leto, Esquire
                                                   Kaylor, Kaylor & Leto, P.A.
                                                   625 Commerce Drive, Suites 303-304
                                                   P.O. Box 7306
                                                   Lakeland, FL  33807-7306
                                                   (863) 619-6275
                                                   Bar #:  357111
                                                   nsl@kaylor-kaylor.com
                                                   chr@kaylor-kaylor.com